B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Silvia Angelica Cortinas | AFNI, Inc. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| James J. Manchee<br>Manchee & Manchee, P.C.<br>12221 Merit Drive Ste 950<br>Dallas, Texas 75251<br>(972) 960-2240 | |

**PARTY** (Check One Box Only)
- [x] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**PARTY** (Check One Box Only)
- [ ] Debtor
- [x] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
for actual and punitive damages, injunctive and declaratory relief, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the Chapter 7 discharge injunction

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [**1**] 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if this is asserted to be a class action under FRCP 23
- [ ] Check if a jury trial is demanded in complaint

Demand    **$17,000.00**

Other Relief Sought
**actual and punitive damages, injunctive and declaratory relief**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**Silvia Angelica Cortinas**<br>**and Ricardo Camargo Cortinas** | | BANKRUPTCY CASE NO.<br>**08-32940** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Northern District of Texas** | DIVISION OFFICE<br>**Dallas Division** | | NAME OF JUDGE<br>**Honorable Harlin D. Hale** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>**/s/ James J. Manchee** | | | |
| DATE<br>**03/20/2009** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**James J. Manchee** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

PLAINTIFFS and DEFENDANTS. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

ATTORNEYS. Give the names and addresses of the attorneys, if known.

PARTY. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

DEMAND. Enter the dollar amount being demanded in the complaint.

SIGNATURE. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James J. Manchee
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 08-32940-hdh7 | |
| Silvia Angelica Cortinas § | Chapter 7 Bankruptcy | |
| and Ricardo Camargo Cortinas, § | | |
| Debtors. § | | |
| | | |
| Silvia Angelica Cortinas § | | |
| vs. § | Adversary No. _____ | |
| § | | |
| AFNI, Inc. § | | |
| § | | |
| Defendant § | | |

## CORE ADVERSARY PROCEEDING COMPLAINT FOR
## CIVIL CONTEMPT AND DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Silvia Angelica Cortinas ("Ms. Cortinas" or "Plaintiff") and complains of AFNI, Inc., the Defendant. Ms. Cortinas respectfully show the following:

### I. INTRODUCTION

This is an action for actual damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the Chapter 7 discharge injunction.

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the claims in this Complaint for Contempt and Damages and for Injunctive and Declaratory relief pursuant to 28 U.S.C. § 1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202. The Court has the authority to enter a final order regarding this contested

COMPLAINT- PAGE 1 of 9

matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b) (2)(A), (E), (G), (I), (J) and (O). Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

### III. PARTIES

2. The Plaintiff is a natural person residing in Dallas County, Texas.

3. The Defendant is a Foreign business enterprise which may be served by serving its registered agent CT Corporation System. The Registered Agent may be served with process at its Registered Office located at 350 N. St. Paul St., Dallas, TX 75201.

### IV. FACTUAL ALLEGATIONS

4. On June 19, 2008, Ms. Cortinas commenced the above case by the filing of a voluntary petition under Chapter 7 pursuant to 11 U.S.C. § 301, and the Order for Relief was effective on the same day, pursuant to 11 U.S.C. § 301. The Debtors filed Schedules on or about the same date, which detailed the claim asserted by the Defendant. The claim was listed on Schedule "F", as a general unsecured claim.

5. AT&T Mobility asserted a pre-petition claim against Ms. Cortinas in an attempt to collect a debt allegedly owed by them. The debt required Ms. Cortinas to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

6. On June 19, 2008, Ms. Cortinas filed a mailing matrix with this Court that provided the Defendant's correct address.

7. On June 20, 2008, the Clerk of the Bankruptcy Court for the Northern District of Texas, mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including the Defendant, and other parties based on the mailing matrix previously filed

with this Court. This mailing constituted formal notice to the Defendant of the above Chapter 7 Bankruptcy. This notice warned all creditors, including the Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362. The United States Postal Service did not return the notice sent to the Defendant. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court.

8. On September 22, 2008, this Court issued an order granting Ms. Cortinas a discharge (the said order followed Official Form B18, including the explanatory language contained therein). The order discharged Ms. Cortinas from any liability for the Defendant's pre-petition claim. Included with this order was an explanation of the general injunction prohibiting the Defendant and others holding pre-petition claims from attempting to collect the claims from Ms. Cortinas.

9. On September 25, 2008, the order discharging Ms. Cortinas was mailed out to all creditors and other parties listed on the mailing matrix previously filed with this Court. This mailing constituted formal notice of Ms. Cortinas discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a). The order and notice warned all creditors including the Defendant, in conspicuous language, that collection of discharged debts was prohibited. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court. Additionally, Defendant received e-mail notice of the bankruptcy filing and e-mail notice of the discharge at the e-mail address it provided for the bankruptcy courts to use.

10. At no time has the Defendant or AT&T Mobility objected to or disputed the details of the claim in the June 19, 2008 schedules. At no time during the Chapter 7 case did Ms. Cortinas reaffirm

the debt. At no time during the Chapter 7 case was the Defendant's pre-petition claim declared to be non-dischargeable.

11. Following the September 22, 2008 discharge, the Defendant engaged in debt collection activity against Ms. Cortinas by sending out letters demanding payment on two accounts despite the fact that the debts had been discharged. Copies of statements as late as January 23, 2009 are attached as Exhibits "A" and "B."

12. The Defendant knew and in fact had actual knowledge that Plaintiff was previously the debtor in a bankruptcy case and that she had been granted a discharge, and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided in 11 U.S.C. §524.

13. Notwithstanding such knowledge, Defendant willfully sent out invoices and collection letters to the debtor after the bankruptcy discharge had been granted.

14. The Defendant was aware that its collection activities would and did damage Plaintiff and her ability to enjoy life and her fresh start guaranteed by the bankruptcy code.

## V. DAMAGES

15. 11 U.S.C. §524 and the lawful injunctions pursuant to 11 U.S.C. §105 requires that one injured by a willful violation of the order(s) and injunction(s) of the Bankruptcy Court be awarded actual damages. These damages include not only reimbursement for financial injury, but compensation for non-financial injury as well, and further may award punitive damages under the appropriate circumstances.

16. The conduct of the Defendant has substantially frustrated the discharge order in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce their discharge. As of result of the actions and inaction of the Defendant, Plaintiff has been deprived of part of her

fresh start, and cannot look forward to a clear field for future endeavors.

17. Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendant into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendant may come into contact.

18. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

19. An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiff in having to deal with the conduct of actions of Defendant, and in having to participate in this adversary proceeding is required.

20. Damages for the emotional and psychological distress that the Defendant's violations of the Court's orders and injunctions caused the Plaintiff is recoverable, because actual damages include non-financial harm to the Plaintiff as well as those of financial distress.

21. Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiff's perspective. This is evident from the fact that the filing of the Chapter 7 bankruptcy was the Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems she faced, as well as preserve the dignity she held for herself. A failing in the effectiveness of the bankruptcy that was promised to her returns the emotional distress that the Plaintiff originally intended to halt.

22. This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of the Plaintiff from having to deal with these very actions and conduct of Defendant, and therefore the actions and conduct of Defendant cannot be deemed inherent in the bankruptcy process.

23. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

24. Since Defendant continues to harass Plaintiff, the damages are ongoing in nature, Defendant is liable for any and all future harm suffered by Plaintiff as a result of Defendant's conduct. The conduct of the Defendants have substantially frustrated the discharge order in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce their discharge.

## VI.  GROUNDS FOR RELIEF

## VIOLATIONS OF THE DISCHARGE INJUNCTION

25. Ms. Cortinas repeats, re-alleges, and incorporates by reference paragraphs 4 through 24. At all times material to this proceeding, the Defendant had actual knowledge of Ms. Cortinas's Chapter 7 bankruptcy filing and actual knowledge of his discharge in said case.

26. Defendant failed to cease its debt collection activity when it became aware that the Plaintiff filed for bankruptcy protection and failed to cease its debt collection activity when it became aware that the debt has been discharged by continuing to send out collection letters.

27. The Defendant's aforesaid actions are willful acts and constitute efforts to collect discharged debt in violation the discharge injunction of 11 U.S.C. §524(a). The Defendant's failure to comply with the aforesaid laws, in light of repeated notices from the court, and its duties to update its reporting of the account under 15 U.S.C. §1681s-2(a), illustrates its contempt for Federal law and the discharge injunction.

28. The actions of the Defendant in repeatedly causing the improper demands for payment to be sent to the Debtors constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. §524(a)(1)-(3).

29. The facts and background stated above demonstrates that Defendant willfully violated the

COMPLAINT- PAGE 6 of 9

order(s) and injunction(s) of the Court as they concern the Chapter 7 bankruptcy filed by Ms. Cortinas. With this prima facie showing, the duty is on Defendant to show, as the only defense, a present inability to comply with the order(s) and injunction(s) of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the order(s) and injunction(s) of the Court by Defendant, Silvia Angelica Cortinas must prevail and Defendant must be held liable for willfully violating the order(s) and injunction(s) of the Bankruptcy Court in regard to the bankruptcy filed by Ms. Cortinas. Any defense put forth by Defendant in this adversary proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendant. Any allegation of a good faith exception should not be allowed.

30. Defendant failed to achieve substantial and diligent compliance of the discharge injunction(s), which applied to Defendant in Ms. Cortinas' Chapter 7 bankruptcy.

31. Defendant violated the part of the Discharge Order of 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…"

32. No exceptions exist under 11 U.S.C. §524 or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendant in regard to the discharge injunction(s), as stated above.

33. The order(s) and injunction(s) of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court, and no waiver of the order(s) or injunction(s) of the Court has occurred in the above-entitled and numbered Chapter 7 bankruptcy

as pertains to the rights and remedies of Defendant.

34. Also, there is no requirement of mitigation on the part of Ms. Cortinas and that is relevant to violations of the order(s) and injunction(s) of the Court. Any attempt to burden Ms. Cortinas with policing the misconduct of Defendant would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunction(s) and order(s) of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendant in this adversary proceeding can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant. No allegation of a mitigation as a defense should be allowed.

35. This Court has the power to hold the Defendant in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiff request that the Court hold the Defendant in contempt to enforce and to protect the integrity of its discharge order.

36. Plaintiff has been injured and damaged by the Defendant's actions and is entitled to recover judgment against the Defendant for actual damages in an amount not less than $7,000.00, and punitive damages in an amount not less than $10,000.00, plus an award of costs and reasonable attorneys fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ms. Cortinas, prays that the Court will:

A.     Find that the Defendant violated the provisions of the September 22, 2008 discharge;

B.  Find that the violation of September 22, 2008, discharge by the Defendant was "willful" as that term has been defined and also find that the violation of the September 22, 2008 discharge was intentional;

C.  Sanction and award against the Defendant all actual damages for all financial and non-financial harm or injury incurred by Ms. Cortinas, including attorneys' fees, costs and expenses, for the violation of the September 22, 2008 discharge as set forth above;

D.  Find the Defendant in contempt for violating the September 22, 2008 discharge;

E.  Sanction and award to Ms. Cortinas damages necessary to coerce the Defendant into compliance with this Court's orders, as well as the orders of other bankruptcy courts in which the Defendant may come into contact;

F.  Issue an injunction prohibiting the Defendant from further violations of the Discharge Order in this case;

G.  Award to Ms. Cortinas, and for the benefit of the undersigned attorneys, all of the attorneys' fees, costs and expenses incurred in representing Ms. Cortinas in these matters;

H.  Grant such other and further relief, in equity or in law to which Ms. Cortinas may show herself justly entitled.

Respectfully submitted,

/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF